**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Buster J. DANIELS, Sr., Defendant–Appellant.**

No. 05–3471.

United States Court of Appeals, Tenth Circuit.

July 11, 2006.

David M. Lind, Office of the United States Attorney, Wichita, KS, for Plaintiff–Appellee.

Buster J. Daniels, Sr., El Reno, OK, pro se.

Before KELLY, McKAY, and LUCERO, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

PAUL J. KELLY, JR., Circuit Judge.

Defendant–Appellant Buster J. Daniels, Sr., a federal inmate appearing pro se, appeals from the district court's dismissal of his motion seeking to file a 28 U.S.C. § 2255 motion out of time. The district court, relying on *United States v. Verners*, 15 Fed.Appx. 657 (10th Cir.2001) (unpublished), dismissed the motion for lack of jurisdiction. I R. Doc. 44. In *Verners*, we concluded that a similar motion was not ripe until an actual § 2255 motion was filed and the limitations period actually raised. 15 Fed.Appx. at 659–60. We did not require a certificate of appealability because a motion seeking to file a § 2255 motion out of time is not a § 2255 motion. *Verners*, 15 Fed.Appx. at 658 n. 1.

On appeal, Mr. Daniels argues the merits of the claims he would like to bring. Though *Verners* is not precedential, we think its reasoning is sound and conclude that the district court correctly dismissed Mr. Daniels' motion for lack of jurisdiction. *Verners* stated that "the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte.*" 15 Fed.Appx. at 660 (emphasis in original). Of course, if the court acts on its own in raising a limitations defense, it "must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, —— U.S. ——, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006).

AFFIRMED.